## UNITED STATES v. ASHLAND COUNTY et al.
### Civ. No. 1861.

District Court, W. D. Wisconsin.
Nov. 8, 1947.

Charles H. Cashin, U. S. Atty. for the Western Dist. of Wisconsin, and James E. Doyle, Asst. U. S. Atty. for the Western Dist. of Wisconsin, both of Madison, Wis., for plaintiff.

Clarence V. Olson, of Ashland, Wis., for defendants.

STONE, District Judge.

This action was brought by plaintiff to recover from defendants the sum of $77.90, with interest, to enjoin defendants from collecting taxes assessed against the real estate described in the complaint and for judgment declaring said lands to be exempt from taxation since 1937.

The facts have been stipulated by the parties and the Court adopts the stipulation as its findings of fact.

The issue for determination in this action is whether the real estate herein referred to is now and was since 1937 exempt from taxation by Ashland County and the Town of Sanborn. Plaintiff contends that it is exempt from taxation and bases its claim on the Act of June 20, 1936, 49 Statutes 1542, and the amendment by the Act of May 19, 1937, 50 Statutes, 188, 25 U.S. C.A. § 412a, which provides that lands owned by Indians, not exceeding a total of 160 acres, that are subject to restrictions against alienation or encumbrances, shall be nontaxable.

On August 18, 1939, and on October 6, 1941, the Indian owners of the land involved in these proceedings, selected and designated 80 acres of the land as tax exempt, pursuant to statute. The land in question was purchased in 1915 with Indian trust funds for Virginia Couture, an Indian then under the jurisdiction of the Great Lakes Indian Agency, and conveyance made to her by deed containing restrictions as to alienation and encumbrance. She died intestate in 1916, leaving surviving her hus-

band and three minor sons. Title to the real estate descended to the sons, subject to the curtesy right of the husband.

In 1923 real estate taxes in the sum of $33.04 assessed against the land were not paid, and thereafter, in 1928, Ashland County obtained a tax title to the property. On December 6, 1930, the three sons of Virginia Couture, deceased, who were then 23, 17, and 14 years of age, paid to Ashland County the sum of $49.46, and received therefor a quitclaim deed to the said premises.

Plaintiff maintains that the transaction was in effect a redemption of the premises by the minors, who, under the Wisconsin Statutes, St.1931, § 75.03, had a right to redeem the property sold for taxes at any time during their minority and within one year thereafter. When Ashland County obtained the tax deed the owners of the premises were minors. Defendant contends that its transaction with the owners was a sale to them and not a redemption by them to the said lands. On December 6, 1930, when the quitclaim deed was delivered, two of the boys were under 21 years of age. Neither the tax deed to Ashland County or the quitclaim deed contained any restrictive provisions. By the terms of the quitclaim deed Ashland County released any and all claims it had against the real estate to the heirs at law of Virginia Couture, deceased, Michael H. Forcia, James E. Forcia, and Robert G. Forcia.

 The County undoubtedly intended that the boys should be restored to the title they had received by descent from their mother's estate; that all their rights thereunder should be reinstated. It was all accomplished by the execution and delivery of the quitclaim deed without covenants of title. This was done in recognition of the rights of the minors to redeem the property under the Wisconsin Statute. The consideration paid, $49.46 which was the amount required to be paid for the sale of acreage lands by the County, pursuant to a resolution of its County Board, was practically equivalent to the sum required to be paid to redeem the property under the redemption statute. The transaction was in fact, though not in form, but for all intents and purposes, a redemption, and must have been so intended by the parties. It removed all clouds from the title and it restored to the present owners every right they had in said property prior to its sale to Ashland County. That ownership in James E. Forcia and Robert G. Forcia qualified them to select and designate up to 160 acres of the property as nontaxable. Pursuant to the statute they have selected and designated 80 acres.

The taxes paid by the plaintiff for the years 1937 and 1938 were paid under protest to the defendant on July 8, 1940, and are recoverable by the owners of the property.

From May 19, 1937, the effective date of the Act of Congress under which these selections and designations were made, the lands selected and designated were nontaxable and exempt from taxation as to the owners, James E. Forcia and Robert G. Forcia, but not as to Michael H. Forcia, who, on the date of the redemption, was over 22 years of age.

Let judgment be entered accordingly.